**Theodric Van SMITH, Plaintiff—Appellant,**

v.

**Craig FRANKLIN; Jose Reynoso, Defendants—Appellees,**

and

**Pelican Bay State Prison Warden, Defendant.**

No. 06–16678.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2008.

Filed July 9, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Sharon C. Corda, Dewey & Leboeuf, Los Angeles, CA, Charles M. Lizza, Leboeuf Lamb Greene & Macrae, LLP, New York, NY, for Plaintiff–Appellant.

Theodric Van Smith, pro se.

Kenneth T. Roost, Office of the California Attorney General, San Francisco, CA, for Defendant.

Before: WALLACE and GRABER, Circuit Judges, and SCHIAVELLI,* District Judge.

## MEMORANDUM **

Plaintiff Theodric Van Smith sued Defendants Craig Franklin and Jose Reynoso, two California Department of Corrections ("CDC") officials, under 42 U.S.C. § 1983 for deliberate indifference to his physical safety. Plaintiff alleged that Defendants failed to protect him from attacks in prison and in a state hospital after Plaintiff acted as an informant for Defendants. The district court granted Defendants' motion for summary judgment. On de novo review, *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), we affirm.

Plaintiff argues that Defendants were deliberately indifferent to his safety while imprisoned in the CDC system because they failed to maintain Plaintiff in the Protective Housing Unit at Corcoran State Prison or to transfer him to a federal prison. But Plaintiff himself requested his transfer out of the Protective Housing Unit, and he cites no authority (and we know of none) for the proposition that, as a CDC inmate, he had a right to transfer to federal prison. Moreover, while Plaintiff was in the CDC system, Defendants recommended transfers whenever Plaintiff raised safety concerns, and they successfully obtained those transfers.

Plaintiff also argues that Defendants failed to maintain his safety during his confinement as a sexually violent predator at the Los Angeles County Jail and at Atascadero State Hospital. Plaintiff does not dispute that, as CDC officers, Defendants had no official influence over

---

* The Honorable George P. Schiavelli, United States District Court for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

the conditions of Plaintiff's confinement once he was paroled from the CDC system. In addition, Defendants relayed Plaintiff's safety concerns to the appropriate officials at the jail and state hospital. Thus, Plaintiff's contention that Defendants could have controlled the conditions of his confinement is belied by the undisputed record.

Consequently, Plaintiff fails to raise a genuine dispute as to whether Defendants disregarded an excessive risk to his safety or whether Defendants responded unreasonably to a risk of harm to Plaintiff. *See Farmer v. Brennan,* 511 U.S. 825, 844, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that prison officials are not liable "if they responded reasonably to the risk, even if the harm ultimately was not averted"); *see also Hydrick v. Hunter,* 500 F.3d 978, 994 (9th Cir.2007) (holding that, although "the Eighth Amendment is not the proper vehicle to challenge the conditions of civil commitment," "the same claims for inhumane treatment and failure to protect may be raised under the Fourteenth Amendment"), *petition for cert. filed,* 76 U.S.L.W. 3410 (U.S. Jan. 17, 2008) (No. 07–958).

AFFIRMED.